Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Veronica E. McKnight Esq. (SBN: 306562)
bonnie@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523

*Attorneys for Plaintiffs,*
John McCurley and All Others Similarly Situated

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John McCurley, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>Impetus Enterprise, Inc. D/S/A Aiding Student Relief,<br><br>            Defendant. | Case Number:   **'16CV2603 JLS  BLM**<br><br>**Class Action Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.**<br><br>**Jury Trial Demanded** |

**Complaint**                                      - 1 of 10 -

**INTRODUCTION**

1. JOHN MCCURLEY ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant Impetus Enterprise, Inc. ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts, experiences, and, as to all other matters, upon information and belief, including investigation conduct by his attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff.

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102-243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from his nuisance and privacy invasion.

*Id.* at § 12.

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…" *Id.* at §§ 12-13.

//
//

## JURISDICTION AND VENUE

5. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 277, et seq. ("TCPA")

6. Jurisdiction of this Court is proper because the events leading to Plaintiff's causes of action occurred in the County of San Diego and in the State of California.

7. Because Defendant is headquartered and does business within the County of Orange, State of California, personal jurisdiction is established in California.

8. Venue of this particular Court is proper as Plaintiff is a resident and citizen of the County of San Diego, State of California, and the harm to Plaintiff occurred within the County of San Diego, State of California.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters is in Orange. Defendant, is and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego and within this judicial district.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

12. Defendant is, and at all times mentioned herein was, a Corporation and a "person," as defined by 47 U.S.C. § 153 (39).

13. At all times relevant Defendant conducted business in the State of California and in the County of San Diego within this judicial district.

14. Defendant sent an unsolicited telephone solicitation text message to Plaintiff on or about May 27, 2016 at approximately 9:08 a.m.

15. The use of the term "call" includes text messages. 18 FCC Red 14014, 14115, para 165.

16. This unsolicited telephone solicitation was without the express prior written consent of Plaintiff. The Federal Communications Commission in the 2012 TCPA Order that " […] an entity will no longer be able to rely on non-written forms of express consent to make autodialed or prerecorded voice telemarketing calls, and thus could be liable for making such calls absent prior written consent." *2012 TCPA Order*, 27 FCC Rcd at 1857, para 68.

17. The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property goods, or services, which is transmitted to any person […]. 47 U.S.C. § 277 (a)(4).

18. The aforementioned communication was an unsolicited advertisement, which is defined as any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission in writing or otherwise. 47 U.S.C. § 277 (a)(5).

19. Defendant sent a text message that stated:
    "This is Ava from ASR. You were pre approved for student loan forgiveness, are you still interested? Please call to finalize @ 855-500-9008. Reply STOP to opt out."

20. The following day, Plaintiff received another automated text message that stated:
    "Hi this is Ava again. I sincerely apologize for the extended hold times you experience on Friday. Due to a system malfunction, we were unable to handle all of the phone calls. However, today we have agents available until 6:00pm PST to

further assist you. You can reach us at 855-500-9008. Replay STOP to opt out. "

21. The telephone number, ending in 1321, that Defendant, or its agents, sent the unsolicited text message to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming text messages pursuant to 47 U.S.C. § 277 (b)(1).

22. This text message was not for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(iii).

23. Plaintiff has never provided any personal information, including his cellular telephone number to Defendant for any purpose. As such, neither Defendant nor its agents were provided with the prior express written consent to place calls or send text messages to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. This text message sent by Defendant, or its agents, violated 47 U.S.C. § 277(b)(1).

25. When Plaintiff received the text message from Defendant, he incurred costs from his telephone service provider. These costs are Plaintiff's concrete and particularized harm. But for Defendant's unsolicited telephone solicitation, Plaintiff would not have been charged any fees from his telephone service provider.

26. Furthermore, Plaintiff's privacy rights were violated due to this unsolicited telephone communication, which he received without prior express written consent.

## CLASS ACTION ALLEGATION

27. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

28. Plaintiff represents, and is a member of, the Class, consisting:

All persons within the United States who received any

telephone call/s or text message/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to filing the complaint.

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones, using the text message function, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and Class members. Plaintiff and the Class members were damaged thereby.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to require any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact

to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed any calls or sent any text messages to the Class (other than a call made for emergency purposes or made with the prior express consent of the called party) via any automatic dialing system to any telephone number assigned to a cellar phone service;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

34. As a person that received at least one call or text message from Defendant, without their prior express written consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

35. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claim, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36. Plaintiff has retained counsel experience in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

37. A class action is a superior method of the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in

individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

38. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et news., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 277 ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 277 et seq.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(C).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

47. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 277(b)(3)(C).

48. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

49. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

50. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 277(b)(3)(C).

51. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

52. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: October 19, 2016　　　　　　　　　　**HYDE & SWIGART**

　　　　　　　　　　　　　　　　　　　　By: _/s/ Joshua B. Swigart__
　　　　　　　　　　　　　　　　　　　　Joshua B. Swigart
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs